Case 3:21-cv-00093   Document 26   Filed on 11/30/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | § | |
|---|---|---|
| COLORADO ROCKIES TRUCKING, LLC, | § § § § | |
| Plaintiff. | § § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00093 |
| ATG INSURANCE RISK RETENTION GROUP, INC., ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

After one of its vehicles was stolen, Plaintiff Colorado Rockies Trucking, LLC ("Colorado Rockies") submitted an insurance claim. The claim was denied. Colorado Rockies then filed this lawsuit in the 149th Judicial District Court of Brazoria County, Texas, alleging causes of action for violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act ("DTPA"), negligent misrepresentation, and breach of contract. The original lawsuit named five defendants: (1) ATG Insurance Risk Retention Group, Inc. ("ATG"); (2) Winter Group, Inc. ("Winter"); (3) Continental Insurance Agency ("Continental"); (4) Arizona Premium Finance Company, Inc. ("Arizona Premium"); and (5) Certain Underwriters at Lloyd's, London ("Lloyd's").

On April 16, 2021, Lloyd's removed this action to the Galveston Division of the United States District Court for the Southern District of Texas based on diversity jurisdiction. Lloyd's notice of removal asserted complete diversity of citizenship and that the amount in controversy exceeded $75,000. Colorado Rockies has moved to remand, arguing that all Defendants did not consent to removal as required by 28 U.S.C. § 1446. *See* Dkt. 13.

Having considered the Motion to Remand, the response, the reply, and the applicable law, I **GRANT** the motion and remand this case to the 149th Judicial District Court of Brazoria County, Texas for further proceedings.

## LEGAL STANDARD

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Villasana v. Bed Bath & Beyond, Inc.*, 502 F. Supp. 2d 528, 529 (W.D. Tex. 2007) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted). *See Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal[.]").

A defendant may remove a case from state to federal court if the case is within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law (federal-question jurisdiction); (2) and cases in which the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties (diversity jurisdiction). *See id.* §§ 1331, 1332(a). The parties agree that diversity jurisdiction exists in this case.[1] *See id.* § 1332(a). The dispute centers on whether the removal was procedurally defective.

A defendant seeking to remove a civil case is required to file a notice of removal "in the district court of the United States for the district and division

---

[1] Colorado Rockies is a citizen of Texas for diversity purposes. None of the Defendants are citizens of Texas. Winter is a California citizen, ATG is a North Carolina citizen, Continental is a Wisconsin citizen, Arizona Premium is an Arizona citizen, and Lloyd's is a citizen of the United Kingdom.

within which such action is pending." *Id.* § 1446(a). In a multi-defendant case, each defendant has thirty days "after receipt by or service on that defendant of the initial pleading or summons" to file the notice of removal. *Id.* § 1446(b)(2)(B). To effect proper removal in a diversity case, all "properly joined and served" defendants must consent to removal. *Id.* § 1446(b)(2)(A). This is referred to as the "rule of unanimity." *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011). The rule of unanimity requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to" removal. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

All served defendants must join or consent to removal before the expiration of the 30-day removal period. *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). If all properly joined and served defendants fail to consent within the 30-day time period, the removal is procedurally defective, and remand is required. *See Getty Oil*, 841 F.2d at 1262–63.

The Fifth Circuit has recognized several exceptions to the rule that all defendants must consent to removal. First, as mentioned above, where a defendant has not been served at the time of removal, that defendant's consent is not necessary. *See id.* Consent is also not necessary where a defendant has been improperly joined, *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003), or where a defendant is merely a "nominal" or "formal" party. *See Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). The Fifth Circuit has also expressly recognized that "exceptional circumstances" may justify an exception to the unanimous consent

rule on a case-by-case basis. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) ("it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis").

## ANALYSIS

It is undisputed that Arizona Premium did not consent in writing to the removal of this case to federal court. Colorado Rockies argues that Arizona Premium's failure to timely consent requires that I remand the case to state court. In response, Lloyd's advances several arguments why I should disregard Arizona Premium's lack of consent: (1) Arizona Premium's counsel purportedly informed Lloyd's that Arizona Premium had not been properly served; (2) the extraordinary circumstance of this case excuse Lloyd's from obtaining Arizona Premium's consent; and (3) Arizona Premium is a nominal party. I will address Lloyd's arguments one by one.

**A.  COLORADO ROCKIES PROPERLY SERVED ARIZONA PREMIUM**

To determine whether this case was properly removed to federal court, I must ascertain whether Colorado Rockies properly served Arizona Premium with the state court lawsuit. This is important because a district court need not remand a case for a defendant's failure to consent to the removal if the non-consenting defendant was never properly served.[2] *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent of all defendants "joined and served"). If, however, Arizona Premium was properly served with the state court lawsuit, its failure to timely file a written consent renders the removal procedurally defective and forces me to remand the case. Because Lloyd's bears the burden of establishing the propriety of removal, Lloyd's must show that service was improper. *See Manguno*, 276 F.3d 720, 723.

The evidence before me conclusively establishes that Colorado Rockies properly effectuated service on Arizona Premium. Texas Rule of Civil Procedure

---

[2] Lloyd's did not need to obtain consent from ATG, Winter, or Continental because none of those entities were properly served at the time of removal.

103 provides that "[s]ervice by registered or certified mail . . . must . . . be made by the clerk of the court in which the case is pending." TEX. R. CIV. P. 103. Under Texas Rule 106(a)(2), a person authorized by Rule 103 may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a)(2). Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice president. *See* TEX. BUS. ORGS. CODE §§ 5.201, 5.255(1).

Here, the Brazoria County District Clerk sent the citation and Original Petition by certified mail to Arizona Premium's registered agent on October 27, 2020. *See* Dkt. 1-3 at 36. Three days later, the Brazoria County District Clerk received a return receipt from Arizona Premium's registered agent. *See id.* at 37–39. Service on Arizona Premium was thus proper. As a result, Lloyd's was required to obtain Arizona Premium's consent within 30 days of removal.

Lloyd's argues that its lawyer contacted Arizona Premium's legal department and was told that Arizona Premium had not been served. Such a representation, if made, is plainly incorrect and does not excuse Lloyd's from obtaining Arizona Premium's consent. By reviewing the state court file, Lloyd's could have readily determined that Arizona Premium had been sent and received a certified copy of the lawsuit in compliance with the Texas Rules of Civil Procedure. *See id.* at 2, 36–39. It is noteworthy that Lloyd's, despite its claim that it did not believe Arizona Premium had been properly served, still tried to get Arizona Premium's consent. Interestingly enough, Arizona Premium's counsel "would not consent to removal." Dkt. 16 at 5.[3]

---

[3] Lloyd's says that Arizona Premium's counsel indicated that the company would not consent to removal "in the unlikely event that any such consent would subject Arizona [Premium] to the Court's jurisdiction and waive any arguments it might have as to proper service and jurisdiction." Dkt. 16 at 5.

5

**B.     "EXCEPTIONAL CIRCUMSTANCES" DO NOT EXIST TO EXCUSE ARIZONA PREMIUM'S FAILURE TO CONSENT TO REMOVAL**

Grasping for straws, Lloyd's asks me to carve out an exception to the rule of unanimity that no district court, anywhere, has ever recognized. Lloyd's argues that obtaining consent from Arizona Premium should be considered "wholly unnecessary" since Colorado Rockies did not seek to obtain a default judgment in the seven month period between service on Arizona Premium (October 30, 2020) and the date the case was removed to federal court (April 16, 2021). Dkt. 16 at 6.

In effect, Lloyd's is claiming there are "exceptional circumstances" in this case that justify an exception to the rule of unanimity. "The Fifth Circuit has found exceptional circumstances in the case of bad faith efforts by a plaintiff to prevent removal, or in instances in which permitting untimely removal is necessary to prevent injustice." *Paul Piazza & Son, Inc. v. Garcia*, No. CV 21-912, 2021 WL 2678932, at *2 (E.D. La. June 30, 2021) (citing *Ortiz v. Young*, 431 F. App'x 306, 307–08 (5th Cir. 2011)). Importantly, those instances where the Fifth Circuit "has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant." *Ortiz*, 431 F. App'x at 307.

Based on my research, there is not a single case in the Fifth Circuit in which a district court has found "exceptional circumstances" and upheld removal when a co-defendant has failed to file a written consent. To the contrary, several district courts have refused to invoke "the 'exceptional circumstance' doctrine to excuse the absence of unanimous joinder in removal." *Carr v. Mesquite Indep. Sch. Dist.*, No. CIV.A. 3:04-CV-0239-, 2004 WL 1335827, at *3 (N.D. Tex. June 14, 2004) (refusing to find "exceptional circumstances" when there has been a failure by all defendants to consent to removal). *See also Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, No. 3:19-CV-00289, 2019 WL 5685425, at *4 (S.D. Tex. Oct. 16, 2019) (refusing to find "exceptional circumstances" when no evidence of bad faith or forum manipulation presented); *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 851 (E.D.

6

Tex. 2012) (refusing to find "exceptional circumstances" when the removing defendants could have reasonably known the non-consenting defendant had been served).

This case does not present "exceptional circumstances." Lloyd's fails to explain why I should recognize an exception to the rule of unanimity given the particulars of this matter. It is true that Colorado Rockies never sought a default judgment in state court before Lloyd's removed the lawsuit, but Colorado Rockies was not legally required to move for default. Importantly, there is no credible evidence that Colorado Rockies engaged in any bad-faith conduct. Colorado Rockies certainly never tried to hide from Lloyd's—or the general public—that it had properly served Arizona Premium. Heck, Lloyd's could have easily determined that consent was required by looking at the state court file and recognizing that Arizona Premium had, indeed, been served with the lawsuit. I am simply unwilling to invoke my equitable powers to create an exception to the unanimous consent rule on this record, especially given that Arizona Premium's counsel specifically indicated that Arizona Premium was not willing to consent to removal. *See Tilley*, 914 F. Supp. 2d at 852 (observing that "in cases where the court examined whether exceptional circumstances existed, the [non-removing] defendant eventually consented").

C. **ARIZONA PREMIUM IS NOT A NOMINAL PARTY**

Having determined that Arizona Premium was properly served and no "exceptional circumstances" exist, I now turn to Lloyd's final argument for why it did not have to obtain Arizona Premium's consent to removal: Arizona Premium is a nominal party.

The Fifth Circuit has expressly recognized that "'[n]ominal' or 'formal parties' need not join in the removal petition." *Farias*, 925 F.2d at 871. Nominal parties are those parties that are "neither necessary nor indispensable to join in the action." *Id*. "Whether a party is 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment

7

consistent with equity and good conscience which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quotation omitted). "To establish that non-removing parties are nominal parties, the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias*, 925 F.2d at 871 (cleaned up).

Based on the record before me, I conclude that Lloyd's has failed to meet its stout burden to show that there is no possibility that Colorado Rockies would be able to establish a cause of action against Arizona Premium in state court. Admittedly, Colorado Rockies' Original Petition does not detail its claims against Arizona Premium to the nth degree. But I certainly cannot say after reading the lawsuit that Colorado Rockies has no chance of recovering against Arizona Premium. The Original Petition alleges that all defendants misrepresented an insurance policy and participated in unfair claim settlement practices, both of which it argues are proscribed by the Texas Insurance Code, and engaged in unfair and deceptive acts or practices prohibited under the DTPA. Although the lawsuit does not attribute any specific statements to Arizona Premium, it does allege that, at all relevant times, the company was an agent "of and acting on behalf of" the other defendants. Dkt. 1-3 at 6. This is enough in my book to show that there is a possibility, no matter how slight, that Colorado Rockies may sustain an action against Arizona Premium for negligent misrepresentation, breach of contract, or violations of the Texas Insurance Code or DTPA. Consequently, Arizona Premium does not qualify as a nominal party.

Because Arizona Premium is not a nominal party, Lloyd's was required to obtain its consent within 30 days of removal. Failure to do so renders Lloyd's removal defective, and remand is required.

## CONCLUSION

For the reason identified above, this case should be remanded to the 149th Judicial District Court of Brazoria County, Texas. The clerk of court shall effectuate the remand in accordance with the usual procedure.

Signed this 30th day of November 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE