United States District Court
Southern District of Texas

**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| COLORADO ROCKIES TRUCKING, LLC, | § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:21-cv-00093 |
| ATG INSURANCE RISK RETENTION GROUP, INC., ET AL., | § § § | |
| Defendants. | § | |

### <u>MEMORANDUM AND OPINION</u>

I recently issued an order granting a motion to remand filed by Plaintiff Colorado Rockies Trucking, LLC ("Colorado Rockies"). *See* Dkt. 26. In remanding the case to state district court, I explained that the removal was procedurally defective because all properly joined and served defendants did not consent to removal. Colorado Rockies has now filed a Motion for Attorney's Fees and Costs, asking me to award the reasonable attorney's fees and costs it incurred as a result of the removal. *See* Dkt. 27. For the reasons outlined below, Colorado Rockies' Motion for Attorney's Fees and Costs is **GRANTED**, and Defendant Certain Underwriters at Lloyd's, London ("Lloyd's") is ordered to pay Colorado Rockies $15,826 in attorney's fees and costs

The federal removal statute provides that a district court may require the removing party to pay costs and fees the non-removing party incurred as a result of the removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). In interpreting this statute, the Supreme Court has held that district courts possess broad discretion in deciding whether to award fees under this section. *See Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c)

only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* District courts retain jurisdiction to award attorney's fees after the case has been remanded to state court. *See Coward v. AC & S, Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004) ("[A] district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified".).

Colorado Rockies contends that Lloyd's, as the removing party, should be forced to pay roughly $20,000 in attorney's fees and costs incurred as a result of the removal. Fee-shifting is particularly appropriate in the present case, Colorado Rockies argues, because "Lloyd's lacked an objectively reasonable basis to believe removal was legally proper, as Defendant Lloyd's removed this matter without complying with the Rule of Unanimity." Dkt. 27 at 7.

In opposing the award of fees and costs, Lloyd's makes three arguments. First, Lloyd's contends that there was an objectively reasonable basis for it to believe at the time of removal that removal was proper. Second, Lloyd's argues that the failure to obtain the consent of all defendants is a procedural error that does not entitle a party to attorney's fees under the removal statute. Third, in the event I find that fees are appropriate, Lloyd's argues the fees sought by Colorado Rockies are excessive.

To begin my analysis, let me first say that there is no dispute that diversity jurisdiction exists in this matter. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present since Colorado Rockies is a citizen of Texas for diversity purposes and none of the Defendants are Texas citizens. Moreover, the amount in controversy clearly exceeds $75,000. The remand fight centered not on whether the Court possessed subject matter jurisdiction but rather on whether the removal was procedurally defective—that is, whether Lloyd's obtained the consent of all properly served defendants at the time of removal.

Lloyd's first two arguments are really two sides of the same coin. Boiled down, Lloyd's contends that it had a reasonable basis for removal (diversity

2

jurisdiction), and, as such, its failure to obtain the consent of all defendants is merely a procedural defect for which an award of attorney's fees is improper. In fairness to Lloyd's, there are a number of courts across the land that have refused to award attorney's fees to a non-removing party where removal would have been proper but for a procedural defect in the removal, such as the removing party's failure to obtain consent from all properly served defendants. *See Owcen Loan Servicing LLC v. Masino*, No. CV 15-8699 (CCC), 2016 WL 4154139, at *3 (D.N.J. Aug. 2, 2016); *Acord v. Montelone*, No. 5:12CV88, 2013 WL 322316, at *6 (N.D.W. Va. Jan. 28, 2013); *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1174 (D.N.M. 2007). But those cases are the exception rather than the rule.

The much more persuasive line of authority holds that a district court may award fees and "costs pursuant to an order remanding a case either on the grounds that the court lacks subject matter jurisdiction or on the basis that the procedures for removal were not satisfied." *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 316 (7th Cir. 1994). In *LaMotte*, the Seventh Circuit carefully considered the language of § 1447(c), concluding that "it is clear that 28 U.S.C. § 1447(c) does not . . . prevent a district court from awarding attorney's fees and other costs when it remands a case based on a procedural defect." *Id. See also Hammer v. Scott*, 137 F. App'x 472, 475 (3d Cir. 2005) (affirming district court award of attorney's fees incurred in procuring remand following procedurally defective removal, where removing party failed to obtain consents for removal from all defendants); *Traynor v. O'Neil*, 94 F. Supp. 2d 1016, 1023–24 (W.D. Wis. 2000) (awarding attorney's fees and costs when removing party failed to obtain timely written notice of consent from all defendants before removal); *Samuel v. Langham*, 780 F. Supp. 424, 428 (N.D. Tex. 1992) (same).

In this case, Lloyd's theory of removal was so flawed that it was objectively unreasonable. It is a fundamental requirement of the removal process that all properly served defendants must either consent to or participate in the removal. *See* 28 U.S.C. § 1446(b)(2)(A). This is not some novel concept but rather a statutory

requirement that has been on the books for years. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Despite this bedrock legal principle, Lloyd's went ahead and removed this case without obtaining the consent of all the properly served defendants. To make matters worse, a properly served defendant, Arizona Premium Finance Company, Inc., specifically told Lloyd's counsel that the company would **not** consent to removal. *See* Dkt. 16 at 5. That did not deter Lloyd's from plowing ahead. As far as Lloyd's argument that there were "exceptional circumstances" that justified an exception to the rule of unanimity, I cursorily disposed of that argument in my order remanding the case to state court:

> Based on my research, there is not a single case in the Fifth Circuit in which a district court has found "exceptional circumstances" and upheld removal when a co-defendant has failed to file a written consent. To the contrary, several district courts have refused to invoke the "exceptional circumstance" doctrine to excuse the absence of unanimous joinder in removal.

*Colo. Rockies Trucking, LLC v. ATG Ins. Risk Retention Grp., Inc.*, No. 3:21-CV-00093, 2021 WL 5587735, at *4 (S.D. Tex. Nov. 30, 2021) (quotation omitted).

Because I find that there was no objectively reasonable basis for Lloyd's to remove this case, I think it is appropriate for Lloyd's to pay the reasonable costs and fees Colorado Rockies incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

So, what are the appropriate fees and costs that I should require Lloyd's to pay? As noted, a party may only recover attorneys' fees "incurred as a result of the removal." *Id.* The Fifth Circuit has "interpret[ed] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

Colorado Rockies requests that I award a total of $20,125 in attorney's fees and $34 in costs and attaches invoices supporting those amounts.[1] *See* Dkts. 27-1 and 27-4.

Lloyd's strenuously argues that the fees and costs sought by Colorado Rockies are excessive. In doing so, Lloyd's takes aim at: (1) how long it took Colorado Rockies' counsel to draft the motion to remand and the reply in support of the motion to remand; (2) time entries unrelated to the removal (e.g., drafting of requests for admission, requests for production, and interrogatories); and (3) an alleged failure of Colorado Rockies to exercise billing judgment by writing off unproductive, excessive, and redundant hours.

I have had an opportunity to thoroughly review the billing statements provided by Colorado Rockies. I do think it is unfair to burden Lloyd's with the fees associated with discovery-related work, which would have been performed whether the case proceeded in state or federal court. Along those same lines, it is not appropriate to saddle Lloyd's with fees related to preparing and drafting an amended lawsuit as those fees would have been necessary even if Lloyd's had not decided to remove the case to federal court. Other than those limited exceptions, I generally find that the time expended by counsel for Colorado Rockies was reasonable and necessary, and his billing rate of $250 per hour is well within the reasonable market range for an attorney of his skill and experience. Sure, one can easily play Monday morning quarterback and try to poke holes in billing statements, but those in glass houses should not throw stones. Much of the work performed by Colorado Rockies' counsel (and presumably billed to Colorado Rockies) was the direct result of Lloyd's frivolous removal.

---

[1] Lloyd's argues that the invoices actually total $22,112.50 in attorney's fees. *See* Dkt. 28 at 8–9. Lloyd's is mistaken. The first bill was for $9,487.50, and the second bill was for $10,637.50. *See* Dkt 27-1 at 3. These two amounts total $20,125, the same attorney's fees amount requested by Colorado Rockies. *See* Dkt. 27 at 13.

After taking into consideration certain time entries that would have been incurred had the case never been removed, I ultimately conclude that, in the interests of justice and pursuant to § 1447(c), Lloyd's should be required to pay Colorado Rockies $15,826 in attorney's fees and costs incurred as a result of defending against the improper removal. The payment shall be made by February 11, 2022.

Signed this 12th day of January 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE